UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**DEVON DENZEL LETOURNEAU,** *pro se*, in his capacity as executor for **DEVON DENZEL LETOURNEAU ESTATE; and, CHARLES EMANUEL PORTA,** *pro se*, in his capacity as executor for **CHARLES EMANUEL PORTER PONA ESTATE,**
    *Plaintiffs/Petitioners*

v.

**STATE OF RHODE ISLAND, et al.,**
    *Defendants/Respondents*

C.A. No. 1:20-cv-00269-JJM-LDA

## MOTION TO EXTEND TIME TO RESPOND TO THE COMPLAINT

NOW COMES Defendant the State of Rhode Island (the "State" or "Defendant") and requests an extension of time to Answer or otherwise respond to Plaintiffs Devon Letourneau ("Letourneau") and Charles Pona's ("Pona") (collectively, "Plaintiffs")[1] Complaint. In support thereof, the State asserts that the instant matter appears to be related to a substantially similar, if not identical matter pending before the Court. See Letourneau, et al. v. State of Rhode Island, et al., C.A. No. 1:20-cv-00269-JJM-LDA (D.R.I. filed June 26, 2020); Pona, et al. v. State of Rhode Island, C.A. No. 1:20-cv-00283-JJM-LDA (D.R.I. filed June 26, 2020). Letourneau and Pona are Plaintiffs in both cases and the Complaints allege the same claims against the same Defendants, which consist of the State of Rhode Island and several State officers and employees in their official capacities only.

While both Complaints name the same State Defendants, service has not been properly made on all State Defendants. For example, in Pona v. State, service has been made on some State Defendants,

---

[1] Plaintiffs are serving life sentences at the Adult Corrections Institution.

2

improperly attempted on other State Defendants, and no service has apparently been attempted on other State Defendants. See ECF 6. Likewise, in Letourneau v. State of Rhode Island, service has been improperly attempted on some State Defendants, and no service has apparently been attempted or made on other State Defendants. See ECF 6. Nevertheless, in light of the fact that both Complaints name only the State and State officials and employees in their official capacities, and as such are the functional equivalent of claims against solely the State, *see Danny B. ex rel. Elliott v. Raimondo*, 784 F.3d 825, 834 (1st Cir. 2015), State Defendants will waive the service of process on the remaining State Defendants, in their official capacity, and respectfully requests the Court grant the State thirty (30) days to answer or otherwise respond to both Complaints. Establishing a common date for a response in both cases and for all Defendants will place both cases in a posture where a dispositive motion may be filed.

WHEREFORE, the State respectfully requests that this Honorable Court enter an Order granting the State's Motion.

Respectfully Submitted,

STATE OF RHODE ISLAND,
By:

PETER F. NERONHA
ATTORNEY GENERAL

*/s/Justin J. Sullivan*
Justin J. Sullivan, Bar No. 9770
Special Assistant Attorney General
Rhode Island Office of the Attorney General
150 S. Main St. Providence, RI 02903
Tel: (401) 274-4400 | Ext. 2007
Fax: (401) 222-2995
jjsullivan@riag.ri.gov

# CERTIFICATE OF SERVICE

       I, the undersigned, hereby certify that a copy of the within Entry of Appearance was filed via the ECF filing system on Thursday, September 24, 2020 and that it is available for viewing and downloading. I also hereby certify that I mailed a copy of the foregoing document by first class mail, postage prepaid on Thursday, September 24, 2020 to:

| | |
|---|---|
| **Devon Denzel Letourneau**<br>RI General Post Office<br>24 Corliss Street<br>Providence, RI 02904-9998 | **Charles Emanuel Porter Pona**<br>RI General Post Office<br>24 Corliss Street<br>Providence, RI 02904-9998 |

                                                   */s/Colleen Cole*