UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

RECEIVED
OCT 13 2020
U.S. DISTRICT COURT
DISTRICT OF R.I.

Charles Emanuel Porter Pona, executor., ) C.A. # 20-283
(Petitioner) et al. ) in relation to
 ) 20-269
v. )
THE STATE OF RHODE ISLAND, et al., )

NOTICE TO CLERK

Please be advised,

due to an investigation inquiry at the Petitioner's General Post Office (USPS) at 24 Corliss street, Prov, RI [02904-9998]., all future mail should be forwarded to:

Rhode Island Department of Corrections
Care of: Charles Emanuel Porter Pona
Maximum Security Prison
Cranston. Rhode Island.

Do not include PO BOX or Zip code. This is very important notice.
Thank You.

Sincerely,
/s/ Charles Emanuel Porter Pona

# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF RHODE ISLAND

Charles Emanuel Porter Pona, executor., ) C.A. # 20-283
(Petitioner) et al.                      )    in relation to
                                         )
            v.                           )    20-269
                                         )
THE STATE OF RHODE ISLAND, et al.        )

## PETITIONER'S OBJECTION
## TO THE STATE'S MOTION FOR AN
## EXTENSION OF TIME

Now Comes the Petitioner in the above title caption, hereby objecting to the STATE's Motion For an Extension of Time. This objection is made pursuant to Rule 12(A)(i), Fed. R. Civ. Proc.

### RULE 12(A)(i)
### Fed. R. Civ. Procedure

(A) A defendant Must serve an answer:
(i) within 21 days after being served with the summons and complaint.

1 of 3

## FAILURE TO APPEAR
## RULE 55(a), (b)1 and (b)2. Fed. R. Civ. P.

All of the above mentioned Respondents/Defendants have failed to appear within 21 days and thus have elected to default by choice.

## UNNECESSARY DELAY

Defendants are attempting to stall Petitioner's due-process without good-cause. Defendants could have, and should have first appeared, then motion for an extension of time on or before 9-9-20 & 9-11-20 (according to docket). Defendants have waited 2 weeks after their expiration date to answer, then motion without an appearance. The language in Rule 12(A)(i) is Mandatory, not discretionary.

Furthermore, the office(s) of the Defendants have been open for business for a while. Therefore, Covid-19 should not be used as a scapegoat to elevate the STATE from complying with the civil process.

### RELIEF

The court must deny the STATE's request to extend time for an answer as untimely, without good-cause, and as Defendants are in default and thus estopped from any movement before the court.

### AFFIDAVIT

I, Charles Emanuel Porter Pona hereby swear that all matters of fact asserted herein are true and correct. I assert this under penalty of perjury.

/s/ Charles Emanuel Porter Pona

### CERTIFICATION

I, Charles Emanuel Porter Pona have sent a handwritten copy of this objection to the RI Attorney general's office, located at: 150 South Main Street, Providence, RI [02903] on this 7th day of October, 2020.

/s/ Charles Emanuel Porter Pona

Rhode Island Department of Corrections
c/o: Charles Emanuel Porter Pona
Maximum Security Prison
Cranston, Rhode Island.